UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MARTHA BROWN, | ) | |
| Plaintiff, | ) | CASE NO. C05-1253-MJB[1] |
| v. | ) | MEMORANDUM OPINION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff Martha Brown appeals to the District Court from a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") from 1999 to September 1, 2002 under Titles II and XVI of the Social Security Act.[2] For the reasons set forth below, the Commissioner's decision shall be AFFIRMED.

I. PROCEDURAL HISTORY

Plaintiff filed for DIB on February 3, 1999. (Tr. 116). Plaintiff alleged that she had been disabled since May 17, 1997, due to arthritis in her hands, wrists and feet. *Id.* Plaintiff filed for

---

[1] Pursuant to the consent of the parties, this case has been referred to the undersigned in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13.

[2] Plaintiff was previously awarded disability benefits as of September 1, 2002. (Tr. 354, 404-05).

REPORT AND RECOMMENDATION
Page - 1

SSI on July 13, 1999. (Tr. 299-302). Plaintiff's DIB and SSI applications were denied initially and on reconsideration. (Tr. 80-88, 306-08). A hearing was held before administrative law judge ("ALJ") Edward Nichols on July 6, 2000. (Tr. 46-75). Plaintiff, represented by counsel, testified at the hearing. (Tr. 49-72). Plaintiff's daughter, Danielle Stark, and vocational expert John Fountaine also testified at the hearing. (Tr. 69-74). On September 11, 2000, the ALJ issued a decision finding Plaintiff was not disabled at step five because she has the residual functional capacity ("RFC") to perform a significant range of light work. (Tr. 14-35). Plaintiff's request for review by the Appeals Council was denied. (Tr. 8-9).

Plaintiff subsequently sought judicial review in District Court (Case No. C02-2328Z). United States Magistrate Judge Monica J. Benton issued a Report and Recommendation to remand Plaintiff's case for further proceedings to: 1) reevaluate Plaintiff's impairments at step two to determine whether Plaintiff's depression, individually or in combination with other physical impairments, constitutes a severe impairment; 2) consider whether Plaintiff's severe impairments render her disabled; and 3) reevaluate Plaintiff's RFC. (Tr. 337-350). On March 15, 2004, the District Court adopted Magistrate Judge Benton's Report and Recommendation. (Tr. 335). Pursuant to the Order of Remand, the Appeals Council sent Plaintiff's back to the Office of Hearings and Appeals. (Tr. 351-52).

A supplemental hearing was conducted before ALJ Nichols on August 17, 2004. (Tr. 400-410). Plaintiff, who was not represented by counsel, testified at the hearing. (Tr. 400-410). Vocational Expert ("VE") Brian Sorensen, while present at the hearing, did not testify. (Tr. 400-410). Plaintiff was instructed by ALJ Nichols to return when represented by counsel. (Tr. 407-09). A second supplemental hearing was conducted on November 19, 2004. (Tr. 411-29). Plaintiff, represented by counsel, testified at the hearing. (Tr. 411-424). VE Neil Bennett also testified at the hearing. (Tr. 424-29). On January 7, 2005, the ALJ issued a decision finding

REPORT AND RECOMMENDATION
Page - 2

Plaintiff was not disabled as step five because she has the RFC to perform a range of light work. (Tr. 328-334). Plaintiff's request for review by the Appeals Council was denied, making the ALJ's decision the final decision of the Commissioner. (Tr. 320-22). Plaintiff now seeks judicial review in this Court.

## II. THE PARTIES' POSITIONS

Plaintiff requests that the Court reverse the Commissioner's decision and remand the case for further proceedings to develop the record about Plaintiff's depression with a pain disorder. (Dkt. #14 at 9 - Plaintiff's Opening Brief). Plaintiff argues that the ALJ erred by failing to order a psychological assessment concerning Plaintiff's depression or order supplemental information from Plaintiff's physician in order to properly assess her mental impairments. (Dkt. #14 at 4).

The Commissioner requests that the ALJ's decision be affirmed because it is supported by substantial evidence in the record and free from legal error. (Dkt. #15 at 6 - Defendant's Brief). The Commissioner argues that the ALJ properly reconsidered Plaintiff's depression and that Plaintiff's new evidence documenting treatment for depression is inapplicable. (Dkt. #15 at 5).

## III. STANDARD OF REVIEW

The Court may set aside the Commissioner's denial of social security disability benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence is defined as more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Where the evidence is susceptible to more than one rational

//

interpretation, it is the Commissioner's conclusion which must be upheld. *Sample v. Schweiker,*

REPORT AND RECOMMENDATION
Page - 3

694 F.2d 639, 642 (9th Cir. 1982).

## IV. EVALUATING DISABILITY

The claimant bears the burden of proving that he is disabled. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423 (d)(1)(A).

The Social Security regulations set out a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920. At step one, the claimant must establish that he or she is not engaging in any substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the claimant must establish that he or she has one or more medically severe impairments or combination of impairments. If the claimant does not have a "severe" impairment, he or she is not disabled. *Id.* at § (c). At step three, the Commissioner will determine whether the claimant's impairment meets or equals any of the listed impairments described in the regulations. A claimant who meets one of the listings is disabled. *See Id.* at § (d).

At step four, if the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner evaluates the claimant's residual functional capacity and the physical and mental demands of the claimant's past relevant work. *Id.* at §§ (e), (f). If the claimant is not able to perform his or her past relevant work, the burden shifts to the Commissioner at step five to show that the claimant can perform some other work that exists in significant numbers in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience. *Id.* at § (g)(1); *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the Commissioner finds the claimant is unable to perform

REPORT AND RECOMMENDATION
Page - 4

other work, then the claimant is found disabled.

## V. SUMMARY OF THE RECORD

Plaintiff was forty-five (45) years old on the alleged onset date and fifty-two (52) years old at the time the ALJ issued the most recent decision. (Tr. 49, 328-334). Plaintiff has a high school education. (Tr. 49-50). Plaintiff's prior work experience included work as a seafood clerk and a produce clerk. (Tr. 117). The evidence relevant to Plaintiff's allegations of disability is incorporated in the discussion below.

## VI. THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since the onset of her alleged disability. (Tr. 333). At step two, the ALJ determined that Plaintiff's depression is a severe impairment. *Id.* At step three, the ALJ determined that Plaintiff's sufficiently severe impairments did not meet or equal any of the impairment listings under the federal regulations. *Id.* At step four, the ALJ evaluated Plaintiff's RFC and determined that, while she could perform light exertional activities, Plaintiff was not able to perform any past relevant work. *Id.* At step five, the ALJ determined that Plaintiff could engage in other types of gainful work that exist in the national economy. (Tr. 333-34). The ALJ concluded that Plaintiff is not entitled to DIB benefits and is not eligible for SSI payments.

## VII. DISCUSSION

A. <u>The ALJ's duty to develop the record</u>

Plaintiff contends that the ALJ erred by failing to properly develop the record when he was ordered to reconsider Plaintiff's depression by this Court. (Dkt. #14 at 4). Specifically, Plaintiff points to the ALJ's: 1) duty to fully and fairly develop the record, 2) failure to further develop the record about Plaintiff's depression with a pain disorder, and 3) failure to follow this Court's Order to reassess Plaintiff's mental impairments. (Dkt. #14 at 4, 6, 7). The

REPORT AND RECOMMENDATION
Page - 5

Commissioner contends that the ALJ was not required by this Court to obtain supplemental evidence and that the ALJ properly reconsidered Plaintiff's depression. (Dkt. #15 at 4, 5).

The ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel. *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir. 2001). An ALJ's duty to "conduct an appropriate inquiry" is triggered when there is ambiguous evidence or upon the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence. *Id.* (internal citations omitted).

In the present matter, although Plaintiff contends that the ALJ erred by failing to adequately consider Plaintiff's depression, the record shows that the ALJ, on remand, assumed that Plaintiff's depression was a severe impairment.[3] (Dkt. #14 at 6; Tr. 331). Further, the ALJ noted that no further documentary evidence was produced at the supplemental hearing to support a claim based on depression. Tr. 331. Moreover, despite the ALJ's assumption, he also questioned Plaintiff about her depression to "allow her to provide additional evidence if possible." *Id.* Specifically, the ALJ asked Plaintiff why she never sought treatment for her depression. *Id.* The ALJ rejected Plaintiff's answer that she was a "veritable recluse" because in the portion of the ALJ's prior decision that was accepted by this Court, he had found that Plaintiff was not a recluse. *Id.* Therefore, the ALJ concluded that if Plaintiff had wanted or felt the need for treatment for her depression, she could have obtained it. *Id.*

The record also reflects that the ALJ properly took Plaintiff's severe depression into

---

[3] Indeed, the ALJ misinterpreted the Magistrate Judge's Report and Recommendation when he stated that "the Magistrate Judge [sic] that depression should be considered a 'severe impairment' and analyzed accordingly." Tr. 330. In fact, in the Report and Recommendation the Magistrate Judge found that the record contained objective medical evidence of Plaintiff's depression and thus, the ALJ erred in rejecting depression as one of Plaintiff's medically determinable impairments. (Tr. 342-43). The Court instructed the ALJ to consider, on remand, whether Plaintiff's depression, individually or in combination with her other physical impairments, constituted a severe impairment. (Tr. 350).

REPORT AND RECOMMENDATION
Page - 6

account in the remainder of his disability determination. At the November 19 supplemental hearing, the ALJ asked the vocational expert Neil Bennett to consider whether an individual who had multiple foot surgeries, hepatitis C, degenerative joint disease, and depression can participate in any past relevant work. (Tr. 424-25). Based upon Mr. Bennett's answers, the ALJ concluded that Plaintiff would be unable to return to her past relevant work because of both her physical limitations and her depression. (Tr. 332). However, Mr. Bennett went on to say that an individual with the same impairments could find work as an appointment clerk. (Tr. 426-27). After ascertaining that there are over 8,000 appointment clerk positions in King County alone, the ALJ determined that, despite both her physical limitations and depression, Plaintiff was nevertheless able to engage in other types of gainful work that exist in the national economy. (Tr. 333-34). Accordingly, the Court concludes that it is unnecessary to remand the case to further develop the record on this point.

      B.     <u>New Evidence</u>

Plaintiff contends that a sentence six remand is appropriate to consider Dr. McCoy's treatment notes documenting Plaintiff's depression from July 23, 2002 to August 9, 2005. (Dkt. #14 at 8). Plaintiff argues that, even though these treatment notes document Plaintiff's depression after the contested disability period disability, they are still relevant. (Dkt. #14 at 8). The Commissioner contends that these notes are irrelevant because they relate to treatment received after the contested disability period. (Dkt. #15 at 5). The Commissioner supports her position by arguing that after-the-fact psychiatric diagnoses are notoriously unreliable. (Dkt. #15 at 6).

In determining whether to remand a case to the ALJ in light of new evidence, "the Court examines both whether the new evidence is material to a disability determination and whether a claimant has shown good cause for having failed to present the new evidence to the ALJ earlier.

REPORT AND RECOMMENDATION
Page - 7

*Mayes v. Massanari,* 262 F.3d 453, 462 (9th Cir. 2001). To be material to a disability determination, Plaintiff must show that there is a "reasonable possibility" that the new evidence would have changed the outcome of the administrative hearings. *Mayes,* 262 F.3d at 46, *citing, Booz v. Secretary of Health and Human Services,* 734 F.2d 1378, 1380-81 (9th Cir. 1983). To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier. *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985).

Dr. McCoy's treatment records confirm that Plaintiff suffers from depression. (Dkt. #16 at 5 – Plaintiff's Reply Brief). However, Dr. McCoy's treatment records are not material to a disability determination in this case because the ALJ already assumed Plaintiff's depression was a severe impairment. Furthermore, even if Dr. McCoy's treatment records were material, Plaintiff has not shown good cause for having failed to present these records to the ALJ earlier. At the supplemental hearing on November 19, 2004, Plaintiff was given the opportunity to present additional treatment records to the ALJ. The ALJ specifically asked Plaintiff's attorney if there was any additional documentary evidence pertaining to the period in question, to which the attorney replied "No." (Tr. 414). At that time, however, given Plaintiff's testimony that she started seeing a therapist for her depression in 2002 (Tr. 416), there should have been over two years of treatment records that could have been submitted to the ALJ. (Tr. 416). Presently, the only effort at explaining the failure to submit Dr. McCoy's records to the ALJ earlier is the following statement in Plaintiff's Opening Brief: " It is not clear why the records were not provided to the ALJ other than *the possibility* that Mrs. Brown did not have the funds to pay for the records and the ALJ made no effort to obtain such copies through the SSA." (Dkt. #14 at 9) (emphasis added). This statement is speculative and does not establish "good cause." *Id.* Thus, this Court concludes that a sentence six remand to the ALJ on the basis of new evidence is inappropriate because Plaintiff has not shown good cause for failing to submit Dr. McCoy's

treatment records at the November 19 supplemental hearing.

## VIII. CONCLUSION

Based on the foregoing, the Court finds that the Commissioner's decision denying Plaintiff's applications for DIB and SSI benefits is supported by substantial evidence and is free of legal error. Therefore, this Court AFFIRMS the Commissioner's decision.

DATED this 28th day of June, 2006.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 9